IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRENDA BISOR,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1115-L** |
| | § | |
| | § | |
| **HILDA L. SOLIS, Secretary of Labor, et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss, filed August 9, 2010. After carefully considering the motion, response, reply, record, and applicable law, the court **converts** the motion to a motion for summary judgment and **orders** supplemental briefing as herein set forth.

## I. Factual and Procedural Background

Plaintiff Brenda Bisor ("Plaintiff" or "Bisor") filed her Original Complaint on June 4, 2010. She alleges employment discrimination by Defendants Hilda L. Solis, Secretary of Labor, U.S. Department of Labor, the United States of America, and 1-10 John-Jane Does (hereinafter, "Defendants"). Bisor contends that Defendants discriminated against her on the basis of her race, national origin, age, and sex. She alleges claims of discrimination, hostile work environment, and retaliation.

In her Complaint, Plaintiff alleges that she filed a timely EEO charge of discrimination against Defendants with the U.S. Department of Labor Office in Washington, D.C. She contends that she received the Final Agency Decision, which was dated November 13, 2009, when her

counsel received it on March 24, 2010. Plaintiff did not attach any evidence or documents to her Complaint.

## II.     Analysis

Defendants have now moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They contend that Plaintiff's Complaint was not timely filed because it was not filed within ninety days of her receipt of the Final Agency Decision, which is dated November 13, 2009. Defendants argue that the court should presume that Plaintiff received the decision within three to seven days after it was mailed.

In response, Plaintiff argues that she did not actually receive the decision until March 24, 2010, when it was received by her counsel. She states that her counsel had to e-mail to the agency to request a copy of the decision, which it provided on March 24, 2010. Attached to her response are a business records affidavit with a log of received packages from November 2009, her EEO Investigative Report, which lists her counsel as her representative, and the March 24, 2010 e-mail from the agency to her counsel attaching the decision. Plaintiff also seeks leave to amend her Complaint if the court decides to grant Defendants' motion.

Defendants reply and contend that the evidence provided by Plaintiff is not dispositive; the evidence only shows that a copy of the decision was received in March 2010, but it does not show that she did not receive the decision earlier. They argue that the court should not consider the evidence because it is not part of the pleadings. If the court considers these documents, Defendants ask the court to convert the motion to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. They state that if their motion is converted, they will submit evidence including the agency's certificate of service, a Federal Express delivery confirmation

showing that the decision was received by Plaintiff's counsel on November 18, 2009, and a Federal Express delivery confirmation showing that Bisor received the decision on November 19, 2009.

The court agrees with Defendants that the evidence submitted by Plaintiff with her response is not part of the pleadings and cannot be considered by the court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as they were not attached to or referred to in Plaintiff's Complaint, or attached to Defendants' Motion to Dismiss. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The court may consider this evidence, however, if it converts the motion to a motion for summary judgment. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993). The decision whether to convert the motion is within the court's discretion, which is exercised on the basis of a determination of "whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action." *Isquith v. Middle South Util., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir.) (citation and quotation omitted), *cert. denied*, 488 U.S. 926 (1988).

In light of the evidence submitted by Plaintiff and the proffer of evidence by Defendants, the court determines that conversion of the motion to a motion for summary judgment may facilitate the disposition of this case. The court will consider the evidence submitted by Plaintiff with her response and it will give the parties an opportunity to present evidence that is pertinent to the motion.

### III. Conclusion

For the reasons stated herein, the court hereby **converts** Defendants' Motion to Dismiss, filed August 9, 2010, to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure. The court will consider the evidence filed by Plaintiff with her response to the motion to dismiss. Pursuant to Rule 12(d), the court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Accordingly, Plaintiff shall file her response and additional evidence no later than **September 24, 2010**, and Defendants shall file any reply and additional evidence no later than **October 8, 2010**. The court will then consider the motion in light of the evidence submitted by the parties. All evidence must be submitted so that it is in compliance with Rule 56 and must be properly authenticated, verified, or certified. Plaintiff shall resubmit her evidence so that it complies with this directive. Finally, the court **directs** the clerk of the court to redesignate Defendants' Motion to Dismiss as "Defendants' Motion for Summary Judgment."

**It is so ordered** this 10th day of September, 2010.

Sam A. Lindsay
United States District Judge