IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRENDA BISOR,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1115-L** |
| | § | |
| | § | |
| **HILDA L. SOLIS, Secretary of Labor, et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Summary Judgment, which the court converted from a motion to dismiss on September 10, 2010. Plaintiff Brenda Bisor ("Plaintiff" or "Bisor") filed a response on September 24, 2010, and Defendants Secretary of Labor Hilda L. Solis, the United States Department of Labor, the United States of America, and 1-10 John-Jane Does (collectively, "Defendants") filed their reply on October 8, 2010. After carefully considering the motion, response, reply, record, and applicable law, the court **grants** Defendants' Motion for Summary Judgment.

### I.   Factual and Procedural Background

Plaintiff filed her Original Complaint on June 4, 2010. She alleges employment discrimination by Defendants. Bisor contends that Defendants discriminated against her on the basis of her race, national origin, age, and sex. She alleges claims of discrimination, hostile work environment, and retaliation.

In her Complaint, Plaintiff alleges that she filed a timely EEO charge of discrimination against Defendants with the U.S. Department of Labor Office in Washington, D.C. She contends

that she received the Final Agency Decision, which was dated November 13, 2009, when her counsel received it on March 24, 2010. Plaintiff did not attach any evidence or documents to her Complaint.

## II. Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and

unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id*.; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III. Analysis

Defendants moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and argued that Plaintiff's Complaint was not timely filed because it was not filed within ninety days of her receipt of the Final Agency Decision, which is dated November 13, 2009. Plaintiff responded that she did not actually receive the decision until March 24, 2010, when it was received by her counsel. She attached to her response a business records affidavit with a log of received packages from November 2009, her EEO Investigative Report, which lists her counsel as her representative, and the March 24, 2010 e-mail from the agency to her counsel attaching the decision. Defendant stated that if the court converted the motion to a motion for

summary judgment, it would submit evidence including the agency's certificate of service, a Federal Express delivery confirmation showing that the decision was received by Plaintiff's counsel on November 18, 2009, and a Federal Express delivery confirmation showing that Bisor received the decision on November 19, 2009.[1]

In light of Defendants' representations, the court converted the motion to a motion for summary judgment and ordered additional briefing. In response, Plaintiff did not file any additional evidence. She argues that there is a genuine issue of material fact with respect to when she received the Final Agency Decision. She contends that Defendants rely on defective declarations and affidavits that contain impermissible hearsay.

In reply, Defendants argue that there is no genuine issue of material fact with respect to Plaintiff's notice of the Final Agency Decision. It contends that Plaintiff received the Final Agency Decision on November 19, 2009, but that she did not file her Complaint until June 4, 2010. Because this was more than ninety days from her receipt of the decision, Defendants argue that Plaintiff's claims are time barred. Defendants point to the signature on a Federal Express delivery slip, and contend that it is similar to Plaintiff's signature on a deposition transcript and her signature on a letter to the Department of Labor, which she testified was hers. It contends that her conclusory allegations are insufficient to defeat summary judgment.

To be timely, Plaintiff was required to file her Complaint within ninety days of receiving notice of final action. 42 U.S.C. § 2000e-16(c); *Walch v. Adjutant General's Dep't of Texas*, 533

---

[1] This evidence was submitted by Defendants with their reply, filed October 8, 2010. Ordinarily, materials that are first filed with a reply are not considered by the court. In this case, however, Plaintiff was put on notice regarding the proof Defendants would submit. Despite knowing this, she did not file any affidavit or declaration ro rebut this evidence.

**Memorandum Opinion and Order – Page 4**

F.3d 289, 303 (5th Cir. 2008).[2] It is undisputed that the Final Agency Decision was dated November 13, 2009. The question before the court is whether there is a genuine issue of material fact as to when Plaintiff received notice of the Final Agency Decision.

The court determines that there is no genuine issue of material fact with respect to when Plaintiff received notice of the Final Agency Decision. The evidence presented by Plaintiff relates only to her attorney's office and his possible receipt of the decision. Plaintiff does not present any evidence to refute Defendants' evidence showing that she personally signed for a Federal Express package containing the Final Agency Decision on November 19, 2009. The court finds that the evidence submitted by Defendants can be considered by the court. Defendants have presented evidence in the form of affidavits from the records custodian for FedEx based upon personal knowledge and business records pursuant to Rule 803(6) of the Federal Rules of Evidence. The court therefore overrules any objection by Plaintiff that the declarations and affidavits contain impermissible hearsay.

The certificate of service on the Final Agency Decision states that it was served by overnight mail on Plaintiff and her attorney, Hiram McBeth. The certificate of service contains the Federal Express shipping number for each package. Defendants have presented the affidavit of Kim B. Gillum, a records custodian for Federal Express, who states that the parcel sent to Plaintiff was delivered to 10810 Stone Canyon Road, #3137, Dallas, Texas 75230 on November 19, 2009. This address is the same address listed on Plaintiff's EEO Investigative Affidavit. Attached to the Gillum

---

[2] A second provision of the statute allows a plaintiff to file suit after 180 days after the filing of an initial charge if the agency has failed to take final action. 42 U.S.C. § 2000e-16(c); *Walch*, 533 F.3d at 303. This provision is not at issue in this case, however, because the agency did issue a final decision on November 13, 2009.

**Memorandum Opinion and Order – Page 5**

affidavit is the airbill record, which shows a signature that is similar to Plaintiff's signature on her deposition and on a letter she admits she wrote.

The court determines that this evidence demonstrates that Plaintiff personally received a copy of the Final Agency Decision on November 19, 2009. Under the relevant statute, Plaintiff had until February 17, 2010, to file her case. She did not file her Complaint, however, until June 4, 2010, more than six months after receiving notice of the Final Agency Decision. Her Complaint is therefore untimely, and Plaintiff has failed to meet a "precondition to filing suit" in this court. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003) (internal quotations omitted) (citation omitted). Accordingly, there is no genuine issue of material fact whether Plaintiff's Complaint was filed timely, and Defendants are entitled to judgment as a matter of law.

## III. Conclusion

For the reasons stated herein, the court **grants** Defendants' Motion for Summary Judgment and **dismisses** this action **with prejudice**. The court will issue judgment by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 29th day of October, 2010.

Sam A. Lindsay
United States District Judge